Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
MARIAH KATRINA MOKHTARI

# U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH KATRINA MOKHTARI, an individual<br><br>Plaintiff,<br><br>v.<br><br>ORACLE FINANCIAL GROUP, LLC; and DOES 1-10;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.** |

Plaintiff, MARIAH KATRINA MOKHTARI, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff, by and through her attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant ORACLE FINANCIAL GROUP, LLC (hereinafter "ORACLE") in violation of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA").

2.    Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2

**COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

4.     This action arises out of Defendants' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5.     Because Defendant ORACLE regularly conduct business within the State of California by purposefully contacting California residents for purposes of debt collection, personal jurisdiction is established.

6.     Venue in this District is proper pursuant for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has conducted business within this judicial district at all times relevant.

**PARTIES & DEFINITIONS**

7.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

8.     Defendant alleged that they were collecting upon an allegedly defaulted credit card bill that Plaintiff's husband initially owed to Chase Credit Card Services, which Plaintiff's husband incurred by utilizing the line of credit issued to him by Chase for everyday purchases in his daily personal life.  Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

9.     Plaintiff is informed and believes that Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collect or attempt to collect,

3
**COMPLAINT FOR DAMAGES**

directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.     Sometime in February of 2009, and prior to their marriage, Plaintiff's husband went into default upon a Chase credit card that he had used in his every personal life for personal expenses.

11.     Any legal ability of the creditor or any successor or assign of the original creditor to file suit against Plaintiff's husband to obtain a judgment on said debt is now barred by the applicable statute of limitations.

12.     Plaintiff herself was never legally obligated to owe any funds for this card, as she never contracted with Chase to be financially responsible and the debt was incurred and defaulted upon prior to Plaintiff's marriage to her husband.

13.     At all times relevant herein, the actions of every collection agent of Defendant was taken on behalf of, at the direction of, and in association with the named Defendant, and their actions were undertaken within the scope and duties of their position as debt collection agents.

14.     By voicemail dated August 19, 2015, Defendants' collection agent Joanne Smith left a voicemail on Plaintiff's cell phone claiming to be calling in reference to a "case now being filed against Hossein Mokhtari in Los Angeles County courts; a civil lawsuit and claims of theft of services attached to your name and social security number.  If you wish to avoid any further proceedings it is in your best interest to return this call immediately.   This case also has listed individuals by the name of Mariah Katrina Mokhtari as a person or party of interest".  Defendant's agent then referenced a specific "case number".

15.     A call placed to the phone numbers left on the above-described voicemails as the number for Plaintiff to call back goes to a voicemail for "Joanne Smith" of

**COMPLAINT FOR DAMAGES**

"Oracle Group".

16.    By claiming that the purported lawsuit against Plaintiff's husband also lists Plaintiff as a person or party of interest, Defendant thereby threatened that Plaintiff had been named as a defendant in a debt collection lawsuit whereby she would bear legal responsibility.

17.    By claiming that the "civil lawsuit" also involved allegations of "theft of services", and by threatening that Plaintiff was being included in this lawsuit, Defendant thereby threatened that Plaintiff had legal responsibility for an alleged crime of theft.

18.    However, Plaintiff has never been legally obligated to burden any financial responsibility upon the credit card that was the subject of Defendants' collection efforts.

19.    Plaintiff suffered emotional and mental anguish by way of loss of sleep, nervousness, anxiety, and fear over the thought that she might possibly subjected to legal action for theft as threatened by Defendants' agents.

20.    Defendant's agent who left the voicemails described above were at all times acting on behalf of, at the direction of, and in association with the named Defendants, and acting in their capacity as employees of Defendants, all legal violations committed by said agents flow through as *respondeat superior* to Defendants.

21.    Upon information and belief, Defendant's agents are trained to utilize a script during their debt collection calls that requires the collection agents to utter false threats of criminal prosecution in order to scare consumers into making payments.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

22.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

23.    By threatening to sue Plaintiff on a debt that that she has never had any legal obligation to pay upon, Defendant committed the following violations of the

Federal FDCPA:

    a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

    c. Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

    d. Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

    e. Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

    f. Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

    g. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

24. By threatening to sue Plaintiff on a debt that is barred by statute of limitations, and Defendant's agent did so without actually having the intention of pursuing such legal action, Defendant committed the following violations of the Federal FDCPA:

    a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

**COMPLAINT FOR DAMAGES**

b.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c.  Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

d.  Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e.  Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f.  Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g.  Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

25.  By threatening to Plaintiff that she was the subject of criminal allegations for theft of services, which are false allegations, and Defendant's agents did so with the intention of scaring Plaintiff into paying the debt, Defendant committed the following violations of the Federal FDCPA:

a.  Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

b.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c.  Falsely represented the character and legal status of the debt in violation of

**COMPLAINT FOR DAMAGES**

15 U.S.C. § 1692e(2)(A), and

d. Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e. Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f. Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g. Uttered the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7), and

h. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

///
///
///
///
///
///
///
///
///
///
///
///

8

**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages of $75,000.00 for emotional distress and mental anguish, or as the jury may award, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: July 20, 2016                          Respectfully submitted,

                                              SEMNAR & HARTMAN, LLP

                                      By:    */s/ Jared M. Hartman*_____
                                             Jared M. Hartman, Esq.
                                             Attorney for Plaintiff

9
**COMPLAINT FOR DAMAGES**